Filing # 40482980 E-Filed 04/20/2016 09:59:06 AM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

MARY MASON,

      Plaintiff,

vs.

CASE NO.: 16-002579-CI

ECKERD YOUTH ALTERNATIVES,
INC. d/b/a ECKERD KIDS,
a Florida corporation,

      Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, MARY MASON, by and through her undersigned attorney, sues the Defendant, ECKERD YOUTH ALTERNATIVES, INC. d/b/a ECKERD KIDS, a Florida corporation, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages which exceed Fifteen Thousand (15,000.00) Dollars exclusive of costs and interest.

2. Venue lies within Pinellas County because a substantial part of the events giving rise to this claim arose in this Judicial District.

### PARTIES

3. Plaintiff, MARY MASON ("hereinafter as "Plaintiff" or "Mason"), is a resident of Pinellas County, Florida at all times material and worked for Defendant in Pinellas County, Florida.

4. Defendant, ECKERD YOUTH ALTERNATIVES, INC. d/b/a ECKERD KIDS, ("hereinafter as "Defendant" or "Eckerd"), is a Florida corporation located in and doing business

in Pinellas County, Florida.

5. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## FACTUAL ALLEGATIONS

6. On or around March 31, 2014, Plaintiff was hired by Paxen Learning Corporation, predecessor in interest to Defendant, Eckerd, as Vice President of HR.

7. When Eckerd acquired Paxen, Paxen Executives, including Plaintiff were offered a retention bonus to remain with Eckerd through January 31, 2015. Plaintiff agreed.

8. In April 2015, Tony Moore became Defendant's acting Chief Human Resource Officer and Plaintiff's position was changed to Acting Director of Talent Management and began reporting to Mr. Moore.

9. Shortly thereafter, Mr. Moore asked for Plaintiff's resume as he and the CEO wanted to review in consideration her for the Eckerd Chief HR Officer position.

10. On or around June 22, 2015, Plaintiff was promoted to Director of Talent Management with a significant increase in salary.

11. In August 2015, Plaintiff began suffering symptoms of Lyme disease and in September 2015, Plaintiff was admitted to the hospital and diagnosed with the disease.

12. Plaintiff began an approved Family Medical leave as a result of her serious health condition on September 25, 2015.

13. On October 26, 2015, Plaintiff returned to work from her medical leave.

14. The day Plaintiff returned to work, Mr. Moore presented her with four options (1) Plaintiff was to quit that day, or (2) Plaintiff could give her notice and leave (3) Plaintiff could stay in the position while she looked for another job and he would look for a replacement which

he said was best because it's "always better to have a job while you look for a job." (4) Plaintiff could accept a demotion from Director to HR Business Partner at a lesser pay.

15. On November 3, 2015, Mr. Moore sent an email confirming Plaintiff's termination from her position as Director and her demotion. (Attached as Exhibit "A")

16. Plaintiff was constructively discharged on November 4, 2015.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

17. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 16.

18. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

19. Plaintiff is an employee within the meaning of the FMLA.

20. Plaintiff suffered from a serious health condition within the meaning of the FMLA, which Defendant had knowledge of.

21. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights and constitute violations of the FMLA.

22. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff, MARY MASON, prays for judgment against the Defendant, ECKERD YOUTH ALTERNATIVES, INC. d/b/a ECKERD KIDS, for the following damages:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

  e.  Injunctive and/or equitable relief;

  f.  Costs and attorneys' fees;

  g.  For any other relief this Court deems just and equitable.

## COUNT II
## FAMILY MEDICAL LEAVE ACT –DISCRIMINATION/RETALIATION

23. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 16.

24. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq.*

25. Plaintiff is an employee within the meaning of the FMLA.

26. Plaintiff suffered from a serious health condition within the meaning of the FMLA, which Defendant had knowledge of.

27. As alleged, Defendant retaliated against Plaintiff for asserting her FMLA rights.

28. Defendant's actions constitute violations of the FMLA.

29. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff, MARY MASON, prays for judgment against the Defendant, ECKERD YOUTH ALTERNATIVES, INC. d/b/a ECKERD KIDS, for the following damages:

  a.  Back pay and benefits;

  b.  Interest on back pay and benefits;

  c.  Front pay and benefits;

  d.  Liquidated damages;

  e.  Injunctive and/or equitable relief;

  f. Costs and attorneys' fees;

  g. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

30. Plaintiff, MARY MASON, request a jury trial on all issues so triable.

Dated this 20th day of April 2016

        **FLORIN ROEBIG, P.A.**

        */s/Wolfgang M. Florin*
        **WOLFGANG M. FLORIN, ESQUIRE**
        Florida Bar No.: 907804
        Primary: WMF@FlorinRoebig.com
        Secondary: LABOR_efiling@florinroebig.com
            debbie@FlorinRoebig.com
        **CHRISTOPHER D. GRAY, ESQUIRE**
        FL Bar No.: 902004
        Primary: CDG@FlorinRoebig.com
        **LINDSEY C. KOFOED, ESQUIRE**
        FL Bar No.: 0063956
        Primary: lck@florinroebig.com
        777 Alderman Road
        Palm Harbor, Florida 34683
        Telephone No.: (727) 786-5000
        Facsimile No.: (727) 772-9833
        Attorneys for Plaintiff